CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
7/23/2018
JULIA C. DUDLEY, CLERK
BY: S/J.Vasquez
        DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JENNIFER GRANT,<br><br>**Plaintiff,**<br><br>v.<br><br>ADT, Inc., d.b.a. ADT SECURITY SERVICES,<br><br>**Defendant.** | Case No.: 5:18-cv-00100<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Jennifer Grant, by her undersigned Counsel, for this Complaint against Defendant ADT, Inc., d.b.a. ADT SECURITY SERVICES and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (hereinafter "ADT" or "Defendant"), alleges as follows:

## INTRODUCTION

1. Plaintiff brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant ADT, Inc., d.b.a. ADT SECURITY SERVICES in negligently and/or intentionally contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* ("TCPA"), thereby invading Plaintiff's privacy; and further, by attempting to unlawfully and abusively collect a debt allegedly owed by Plaintiff, in violation of 15 U.S.C. 1692, *et seq.* ("FDCPA"). Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by her attorneys.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*, to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. Similarly, "[v]oluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. Toward this end, Congress found that:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see Martin v. Leading Edge Recovery Sols., LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call . . ." Pub. L. No. 102–243 at §§ 12–13 *See also, Mims*, 132 S. Ct. at 744.

6. While many violations are described below with specificity, this Complaint alleges violations of the aforementioned statutes cited in their entirety.

7. Any violations by Defendant were committed knowingly, willfully, and intentionally, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## PARTIES

9. Plaintiff, Jennifer Grant ("Plaintiff"), is a natural person and a citizen of the Commonwealth of Virginia, residing in the independent city of Staunton, Virginia.

10. Defendant, ADT, is an American for-profit corporation which conducts business in the Commonwealth of Virginia, including within this District and Division.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over Plaintiff's actions brought under the TCPA and FDCPA, as she raises federal claims for relief under both statutes.

12. This Court has personal jurisdiction over Defendant because it conducts business in Virginia, and a substantial part of the wrongful acts alleged in this Complaint were committed in this District and Division.

13. Venue is proper in this Court because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Staunton, Virginia which is part of this judicial district.

## FACTUAL ALLEGATIONS

**A.  Plaintiff and Defendant**

14. Defendant is collecting on bills owed by the Plaintiff (hereafter the "Debt").

15. Plaintiff allegedly fell behind on payments she supposedly owed on the Debt.

## B. Defendant's TCPA Violations

16. Plaintiff was the regular user and carrier of the cellular phone number (540) 688-8852, called by Defendant in its attempt to collect the Debt (Plaintiff's "Cellular Phone").

17. Defendant has been calling Plaintiff on her Cellular Phone number from at least March or April of 2017 until the present.

18. Defendant has called Plaintiff from at least the following three different phone numbers: (866) 843-0374, (844) 691-3875 and (804) 351-9159.

19. Defendant did not obtain prior express consent to call Plaintiff on her Cellular Phone for purposes of attempting to collect the Debt. Alternatively, even if Defendant did have prior express consent to make TCPA regulated calls to Plaintiff's Cellular Phone, said prior express consent was explicitly revoked by the Plaintiff via repeated and unequivocal requests to cease and desist phone calls.

20. More specifically, in or around mid-December of 2017, Plaintiff spoke to an ADT's live agent and expressly revoked consent to be called by Defendant on her cellular telephone. Plaintiff revoked consent again on June 6, 2018.

21. After Plaintiff expressly revoked consent, should it have ever existed in the first instance, Defendant repeatedly continued to call Plaintiff on her cell phone numerous times, including on the following dates:

- Jan 19 at 5:33 pm
- Jan 22 at 12:39 pm
- Jan 23 at 4:52 pm
- Jan 24 at 12:57 pm
- Jan 25 at 2:41 pm
- Jan 26 at 11:28 am
- Jan 27 at 11:06 am
- Jan 29 at 9:51 am
- Jan 30 at 11:43 pm

4

- Jan 31 at 9:06 am
- Feb 1 at 1:16 pm
- Feb 2 at 9:51 am
- Apr 20 at 1:52 pm
- Apr 23 at 5:04 pm
- Apr 24 at 12:44 pm
- Apr 25 at 1:40 pm
- Apr 26 at 1:27 pm
- Apr 26 at 1:45 pm
- Apr 27 at 5:14 pm
- Apr 28 at 11:48 am
- Apr 28 at 6:47 pm
- Apr 29 at 1:58 pm
- Apr 30 at 11:15 am
- May 4 at 11:15 am
- May 7 at 12:21 pm
- May 8 at 7:27 PM
- May 10 at 3:15 PM
- May 16 at 12:37 pm
- May 16 at 11:14 AM
- May 16 at 11: 57 AM
- May 18 at 12:42 PM
- May 18 at 12:41 PM
- May 18 at 2:35 PM
- May 18 at 12:37 PM
- May 24 at 1:20 PM
- May 24 at 4:47 PM

- May 25 at 12:38 PM
- May 30 at 10:43 AM
- May 30 at 5:48 PM
- June 1 at 5:10 pm
- June 4 at 4:07 pm
- June 5 at 10:52 PM
- June 5 at 6:32 PM
- June 6 at 1:16 PM

22. Some of the calls answered by the Plaintiff and placed by Defendant had: (1) pre-recorded voice message; or (2) a standard pause and gap before a live operator was available. Consequently, many, if not all, of the calls made by Defendant to Plaintiff on her Cellular Phone, including, but not limited to, the calls listed in paragraph 19 and 20 above, were made using an automatic telephone dialing system ("ATDS") and/or artificial or prerecorded voice.

23. Defendant's calls to Plaintiff on her Cellular Phone were made for purposes of collecting payment, namely the Debt.

24. Defendant is responsible for making the above-described ATDS-generated and/or automated or prerecorded calls.

25. Upon information and belief, the ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

26. Upon information and belief, the ATDS used by Defendant also has the capacity to, and does dial telephone numbers stored as a list or in a database without human intervention.

27. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA, and was one of the reasons Congress noted as a basis for enacting the TCPA.

28. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant interrupted her with unwanted automated calls to her Cellular Telephone.

6

29. Defendant's calls forced Plaintiff to live without the utility of her cellular phone by occupying her cellular telephone with numerous unwanted calls, causing a nuisance and lost time.

30. Plaintiff has been damaged by these illegal calls because her privacy was improperly invaded, minutes were used from her cellular telephone plans, and she was forced to spend time tending to unwanted calls. *See Martin v. Leading Edge Recovery Sols., LLC*, No. 11 C 5886, 2012 WL 3292838 (N.D. Ill. Aug. 10, 2012) (Lefkow, J.). Furthermore, Plaintiff also incurred injury including but not limited to emotional distress and value of time spent in an attempt to resolve this dispute with Defendant incurred as a direct result of Defendant's actions.

31. Defendant also violated 15 U.S.C. § 1691c(a)(1) of the FDCPA, by contacting Plaintiff on her cellular phone after 9:00 p.m. on at least one occasion.

32. Defendant also violated 15 U.S.C. § 1691d(5), by calling Plaintiff's cellular phone repeatedly and continuously, up to three times in one day, the natural consequence of which was to harass, oppress, or abuse Plaintiff.

33. Defendant also violated 15 U.S.C. § 1692f, by engaging in unfair or unconscionable means to collect or attempt to collect an alleged debt.

34. As a result of Defendant's unfair, oppressive, and abusive conduct in connection with its debt collection activity, Plaintiff suffered emotional distress in the form of stress, frustration, anxiety, humiliation, embarrassment, anger, annoyance, and lost time; and incurred expense as a result of Defendant's above-mentioned conduct in violation of the FDCPA, 15 U.S.C. §§ 1692-1692(p).

## CAUSES OF ACTION

### FIRST COUNT – VIOLATIONS OF THE TCPA
### 47 U.S.C. § 227(b)(1)(A)

35. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

36. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(b)(1(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff using an ATDS and/or artificial or prerecorded voice.

37. As a result of the Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of 47 U.S.C. § 227(b)(1)(A), Plaintiff presumptively is entitled to an award of $500 in statutory damages for each and every call to her cellular telephone numbers using and ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

38. Plaintiff is also entitled to and do seek injunctive relief prohibiting the Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 46 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in the future.

## SECOND COUNT – KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227(b)(1)(A)

39. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

40. The foregoing acts and omissions of the Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff using an ATDS and/or artificial or prerecorded voice.

41. As a result of the Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf knowing and/or willful violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiff is entitled to treble damages of up to $1,500 for each and every call to her cellular telephone numbers using an ATDS and/or artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

42. Plaintiff is also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227(b)(1)(A), by making calls, except for emergency purposes, to any cellular telephone numbers using an ATDS and/or artificial or prerecorded in the future.

### THIRD COUNT – VIOLATIONS OF THE FDCPA
### 15 U.S.C. §§ 1692–1692(P)

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions constitute numerous violations of the FDCPA.

45. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in an amount up to $1,000.000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs from Defendant pursuant to 15 U.S.C. § 1692k(a)(3).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows against Defendant:

### First Count for Negligent Violation of the TCPA, 47 U.S.C. §§ 227 *et seq.*

- As a result of each and every negligent violation of 47 U.S.C. § 227(b)(1) by Defendant, Plaintiff seeks $500.00 in statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B);
- Injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A);
- Prejudgment interest;
- Costs; and
- Any other relief the Court may deem just and proper.

### Second Count for Knowing/Willful Violation of the TCPA, 47 U.S.C. §§ 227 *et. seq.*

- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- Injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A);
- Prejudgment interest;
- Costs; and
- Any other relief the Court may deem just and proper.

### Third Count for Violation of the FDCPA, 15 U.S.C. §§ 1692–1692(p)

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. 1692k(a)(1);
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any and all other relief that this Court deems just and proper.

### TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable.

Dated: July 12, 2018.

Respectfully submitted,

/s/ Craig C. Marchiando
Craig C. Marchiando, VSB #89736
**CONSUMER LITIGATION ASSOCIATES, P.C.**
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Telephone – (757) 930-3660
Fax – (757) 930-3662
Email: craig@clalegal.com

Syed Ali Saeed (*pro hac vice forthcoming*)
**SAEED & LITTLE, LLP**
1433 N. Meridian Street, Suite 202
Indianapolis, IN 46202
Telephone: (317) 614-5741
Facsimile: 1 (888) 422-3151
Email: ali@sllawfirm.com

***Attorneys for Plaintiff***